**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02488-MSK-NYW

SANTIAGO ABREU,

     Plaintiff,

v.

MAGGIANO'S HOLDING CORPORATION,
d/b/a Maggiano's Little Italy,

     Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

     This civil action is before the court on Defendant Maggiano's Holding Corporation, d/b/a Maggiano's Little Italy's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"). [#19, filed December 22, 2015]. The Motion to Dismiss was referred to this Magistrate Judge pursuant to the Order Referring Case dated November 18, 2015 [#8] and the memorandum dated January 6, 2016 [#26].

     On January 7, 2016, Plaintiff Santiago Abreu sought and received an extension of time to respond to the Motion to Dismiss. [#29, #31]. Ultimately, rather than file a Response, Plaintiff filed a Motion for Leave to Amend his Complaint on January 28, 2016. [#35]. The Motion for Leave to Amend was referred to the undersigned by memorandum dated January 29, 2016. [#37]. Defendant filed a Response to the Motion for Leave to Amend [#39] and Plaintiff filed a Reply [#40]. This court thereafter heard argument on the Motion for Leave to Amend at the

previously set Scheduling Conference held March 15, 2016.  *See* [#47].  Following the remarks

of counsel, this court granted the Motion for Leave to Amend for the reasons stated on the

record,[1] and subsequently issued a Scheduling Order.  [*Id.*, #48].  The Amended Complaint was

docketed the same day.  *See* [#49].  In light of the Amended Complaint, this court respectfully

recommends that the Motion to Dismiss be denied as moot.  This court would note, however,

that in so recommending, it does not take a position or otherwise pass on the viability of any

future motion directed at the Amended Complaint that Defendant may file pursuant to Fed. R.

Civ. P. 12.  Accordingly,

     I respectfully **RECOMMEND** that the Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(1) [#19] be **DENIED** as **MOOT**.[2]

---

[1] Given the fact that no deadline had been set for amendment of pleadings and joinder of parties, this court's analysis for leave to amend proceeded under Rule 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires."  This court found that the filing of the Amended Complaint caused no undue delay or prejudice to Defendant in that the Motion to Amend was filed just outside of the time period to file as a matter of right, the Parties have engaged in no substantive discovery, the amendments were not directed to changing the substance of the allegations but to address Defendant's arguments related to standing, and this court did not find that the proposed Amended Complaint was necessarily futile.

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance*

DATED: March 17, 2016                                        BY THE COURT:

                                                             s/ Nina Y. Wang_____
                                                             United States Magistrate Judge

*Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).